UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYGHE JAMES MULLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW J. DELORENZO, et al.,<br><br>    Defendants. | Case No. 23-cv-04589-AMO (PR)<br><br>**ORDER OF DISMISSAL; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL; AND INSTRUCTIONS TO THE CLERK**<br><br>Re: Dkt. Nos. 12, 13 |

## I.   INTRODUCTION

This suit was reassigned from a magistrate judge to the undersigned, as necessitated by Ninth Circuit authority.[1] Plaintiff Tyghe James Mullin, who is currently in custody at Elmwood Correctional Complex, filed the instant civil rights action pursuant to 42 U.S.C. § 1983, representing himself.  He has since filed a second amended complaint, which is the operative complaint in this action.  Dkt. 28.  He has also filed motions for appointment of counsel.  Dkts. 12, 13.

For the reasons discussed below, this action is dismissed as duplicative pursuant to 28 U.S.C. § 1915A.

## II.   DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (holding that magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). Pleadings submitted by self-represented plaintiffs must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.     Mullin's Claims

This federal civil rights action will be dismissed as duplicative of two other pending actions, *Mullin v. Santa Clara County, et al.*, Case No. 23-cv-04399-AMO (PR) and *Mullin v. Delorenzo*, Case No. 23-cv-06110-AMO (PR), because all three actions arise out of the same alleged excessive force incident, in which officers from the San Jose Police Department used a canine to effectuate Mullin's arrest in May 2022. The Court will allow Mullin to pursue only one action, which shall be the earlier filed action in *Mullin v. Santa Clara County, et al.*, Case No. 23-cv-04399-AMO (PR).

On April 30, 2024, in Case No. 23-cv-04399-AMO (PR), the Court granted Mullin's "Motion to Reinstate," which was construed as a motion for relief from the Court's December 22, 2023 Order of Dismissal Without Prejudice as well as the Judgment entered against him. *See* Case No. 23-cv-04399-AMO (PR), Dkt. 10. The Clerk of the Court reopened that action, vacated the dismissal order, and reinstated the complaint filed on August 29, 2023.[2] *See id.*

Meanwhile, on July 7, 2024, in Case No. 23-cv-06110-AMO (PR), the Court dismissed the amended complaint in Case No. 23-cv-06110-AMO (PR) with leave to amend to set forth specific facts explaining what happened during his arrest in greater detail. *See* Case No. 23-cv-06110-

---

[2] Mullin had initially filed a Notice of Appeal after the Court dismissed Case No. 23-cv-04399-AMO (PR). *See* Case No. 23-cv-04399-AMO (PR), Dkt. 14. On May 23, 2024, the Ninth Circuit issued as order dismissing the appeal for lack of jurisdiction "[b]ecause the district court vacated the December 22, 2023 order challenged in th[e] appeal and reopened the case." *See* Case No. 23-cv-04399-AMO (PR), Dkt. 20. (citing 28 U.S.C. § 1291). On June 14, 2024, the Ninth Circuit issued its mandate. Case No. 23-cv-04399-AMO (PR), Dkt. 21.

AMO (PR), Dkt. 18 at 2-3.  On July 22, 2024, Mullin filed his second amended complaint in Case No. 23-cv-06110-AMO (PR).  *See* Case No. 23-cv-06110-AMO (PR), Dkt. 20.

Finally, on July 29, 2024, in the instant action, Mullin filed a second amended complaint.  Dkt. 28.  As mentioned, his two motions for appointment of counsel are also pending.  Dkts. 12, 13.

Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under section 1915.  *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021.

The Court granted Mullin leave to proceed *in forma pauperis* in this action and in Case No. 23-cv-06110-AMO (PR).  Thus, Mullin has two *in forma pauperis* actions filed against the same defendants in which he repeats the same claims.  The instant action is therefore subject to dismissal under section 1915 as abusive.[3]  *See Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021.

Also before the Court is Mullin's motions for appointment of counsel.  Dkts. 12, 13.  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (holding that there is no constitutional right to counsel in section 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on

---

[3] In a separate written order, the Court will also dismiss as duplicative Case No. 23-cv-06110-AMO (PR) as Mullin will only be allowed to proceed in the earlier filed action, Case No. 23-cv-04399-AMO (PR).

a request for counsel under section 1915. *See id.* The Court is unable to assess at this time whether exceptional circumstances exist here which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage, and it is premature for the Court to determine Mullin's likelihood of success on the merits once the Court reviews his claims after they are transferred to the earlier filed action, Case No. 23-cv-04399-AMO (PR). Accordingly, the motions for appointment of counsel are **DENIED** without prejudice. Dkts. 12, 13.

### III.  CONCLUSION

For the foregoing reasons, this action is **DISMISSED** as duplicative and abusive. *See* 28 U.S.C. § 1915. Mullin's motions for appointment of counsel are **DENIED** without prejudice. Dkts. 12, 13.

The Clerk shall transfer the most recently filed complaint—the second amended complaint filed in this action on July 29, 2024—to the earlier filed action in Case No. 23-cv-04399-AMO (PR). The Clerk shall also transfer Mullin's motion for leave to proceed *in forma pauperis* and his prison trust account statement (Dkts. 2, 7) to Case No. 23-cv-04399-AMO (PR). The Court will review those pleadings in a separate written order in Case No. 23-cv-04399-AMO (PR).

The Clerk shall close the file.

This Order terminates Docket Nos. 12 and 13.

**IT IS SO ORDERED.**

Dated: August 8, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**